**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL BEASLEY,<br><br>             Petitioner,<br><br>      v.<br><br>NEIL MCDOWELL,<br><br>             Respondent. | Case No. 1:20-cv-00835-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 6, 9).

**I.**

**BACKGROUND**

On January 27, 2014, Petitioner was convicted by a jury in the Kern County Superior Court of two counts of burglary, two counts of robbery, and one count of making criminal threats. On April 1, 2014, Petitioner was sentenced to an imprisonment term of twenty years and four months. (LDs[1] 1, 2). On October 5, 2016, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On January 11, 2017, the California Supreme Court

---

[1] "LD" refers to the documents electronically filed by Respondent on August 21, 2020. (ECF No. 8).

1

1   denied the petition for review. (LDs 3, 4). Petitioner filed four post-conviction collateral

2   challenges related to his 2014 convictions. (LDs 5–11).

3        On June 16, 2020, Petitioner filed the instant federal petition for writ of habeas corpus.[2]

4   (ECF No. 1). On August 14, 2020, Respondent filed a motion to dismiss the petition as untimely.

5   (ECF No. 7). An opposition and reply were filed. (ECF No. 10, 11).

6                                           **II.**

7                                      **DISCUSSION**

8   **A.  Statute of Limitations**

9        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

10  of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas

11  corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v.

12  Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the

13  enactment of AEDPA and is therefore governed by its provisions.

14       AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

15  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

16               (1) A 1-year period of limitation shall apply to an application for a
                 writ of habeas corpus by a person in custody pursuant to the
17               judgment of a State court. The limitation period shall run from the
                 latest of –
18
19               (A) the date on which the judgment became final by the
                 conclusion of direct review or the expiration of the time for
                 seeking such review;
20
21               (B) the date on which the impediment to filing an application
                 created by State action in violation of the Constitution or laws
22               of the United States is removed, if the applicant was prevented
                 from filing by such State action;

23               (C) the date on which the constitutional right asserted was
                 initially recognized by the Supreme Court, if the right has been
24               newly recognized by the Supreme Court and made
                 retroactively applicable to cases on collateral review; or
25

26  [2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014)
27  (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 7 at 2 n.1). With respect to the
28  instant federal habeas petition, however, the petition was filed by Petitioner's mother and there is no signature date.

1

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

4

5

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6    28 U.S.C. § 2244(d).

7    In most cases, the limitation period begins running on the date that the petitioner's direct

8    review became final or the expiration of the time for seeking such review. Here, the judgment

9    became final on April 11, 2017, when the ninety-day period to file a petition for writ of certiorari

10   in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.

11   1999). The one-year limitation period commenced running the following day, April 12, 2017,

12   and absent tolling, was set to expire on April 11, 2018. See Patterson v. Stewart, 251 F.3d 1243,

13   1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

14   **B. Statutory Tolling**

15   The "time during which a properly filed application for State post-conviction or other

16   collateral review with respect to the pertinent judgment or claim is pending shall not be counted

17   toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

18   Petitioner's first state habeas petition was filed on May 13, 2014[3] and denied by the Kern

19   County Superior Court on July 18, 2014. (ECF No. 7 at 2, 4).[4] As Petitioner's first state habeas

20   petition was filed and denied before the one-year limitation period commenced, Petitioner is not

21   entitled to statutory tolling for the period during which this petition was pending. See Waldrip v.

22   Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied

23   before the federal limitations period began to run "ha[s] no effect on the timeliness of the

24   ultimate federal filing").

25   Although Petitioner constructively filed a second state habeas petition on December 24,

26   2018 and two more petitions thereafter, (LDs 5, 7, 10), § 2244(d) "does not permit the

27

28

---

[3] As of the filing of the motion to dismiss, Respondent had not received a copy of this petition. (ECF No. 7 at 2 n.2). Therefore, the Court is unable to apply the mailbox rule.

[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 reinitiation of the limitations period that has ended before the state petition was filed." <u>Ferguson</u>

2 <u>v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner also filed an earlier federal habeas

3 petition, (LD 12), but the limitation period is not tolled during the pendency of a federal habeas

4 petition. <u>Duncan v. Walker</u>, 533 U.S. 167, 181–82 (2001).

5       Accordingly, the instant federal petition is untimely unless Petitioner establishes that

6 equitable tolling is warranted.

7       **C.  Equitable Tolling**

8       The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1)

9 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

10 stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010)

11 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging

12 facts that would give rise to tolling. <u>Holland</u>, 560 U.S. at 649; <u>Pace</u>, 544 U.S. at 418.

13       With respect to timeliness, Petitioner states in the petition that he was "severely

14 handicapped by lack of knowledge, education, and access to legal materials as well as . . . the

15 conditions of [Petitioner's] confinement." (ECF No. 1 at 12). Petitioner states that that the

16 COVID-19 pandemic made it difficult for Petitioner to gain access to the law library and other

17 legal resources in addition to delaying the mail. Petitioner also was transferred between

18 California and Arizona facilities and does not have access to his complete trial record. (<u>Id.</u>). In

19 the opposition, Petitioner argues:

20       The conditions of Petitioner's confinement cause extreme delays in sending and
      receiving mail because Petitioner has been moved between prisons and housing
21       assignments, and mail must be checked for contraband by prison staff and then
      forwarded to Petitioner's new location. Petitioner also has extremely limited
22       access to legal research tools at the prison, and has, therefore been required to
      exchange mail with those who assist him with his petitions; again, with much
23       delay caused by the prison mail system.

24 (ECF No. 10 at 2). Petitioner also contends that his case is akin to <u>Butler v. Long</u>, 752 F.3d 1177

25 (9th Cir. 2014), and that he is entitled to equitable tolling. (ECF No. 10 at 2).

26       1.  <u>Lack of Education and Reliance on Jailhouse Lawyers</u>

27       Petitioner's lack of legal knowledge and his reliance on others to assist him do not

28 constitute extraordinary circumstances that warrant equitable tolling. <u>See, e.g.</u>, <u>Baker v. Cal.</u>

1    Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal

2    knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant

3    equitable tolling . . . ."); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("*[P]ro se*

4    status, a prison library that was missing a handful of reporter volumes, and reliance on helpers

5    who were transferred or too busy to attend to his petitions" were "hardly extraordinary given the

6    vicissitudes of prison life" and did not warrant equitable tolling); Raspberry v. Garcia, 448 F.3d

7    1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself,

8    an extraordinary circumstance warranting equitable tolling.").

9          2.   Limited Access to Law Library and Legal Resources

10         Petitioner states that that the COVID-19 pandemic made it difficult for Petitioner to gain

11   access to the law library and other legal resources. (ECF No. 1 at 12). Here, the one-year

12   limitation period commenced running on April 12, 2017, and absent tolling, was set to expire on

13   April 11, 2018. However, as the first case of COVID-19 in the United States was confirmed in

14   late January 2020,[5] the limitation period had already expired for almost two years before the

15   pandemic restricted Petitioner's access to the law library and other legal resources.

16         To the extent limited access to the law library and other legal resources was caused by

17   circumstances other than the COVID-19 pandemic, the Ninth Circuit has held that "[o]rdinary

18   prison limitations on [a prisoner]'s access to the law library and copier" are generally not

19   sufficient to warrant equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). See

20   Wolf v. Lizarraga, 786 F. App'x 680, 681 (9th Cir. 2019) ("[L]imitations on access to legal

21   resources in prison are not considered extraordinary circumstances but are inherent in prison

22   life."), cert. denied sub nom. Wolf v. Peery, 140 S. Ct. 2725 (2020). Petitioner has not provided

23   allegations demonstrating that limited access to the law library and other legal resources was a

24   result of circumstances other than ordinary prison limitations. Moreover, Petitioner does not

25   allege or provide any evidence that the limited access occurred during the relevant time periods.

26   Accordingly, Petitioner is not entitled to equitable tolling on this ground.

27   _____

     [5] Press Release, Ctrs. for Disease Control & Prevention, First Travel-related Case of 2019 Novel Coronavirus
28   Detected in the United States (Jan. 21, 2020), https://www.cdc.gov/media/releases/2020/p0121-novel-coronavirus-
     travel-case.html.

1      3.   Lack of Access to Complete Trial Record

2          In explaining the untimeliness of the petition, Petitioner states that he was transferred

3   between California and Arizona facilities and thus, did not have access to his complete trial

4   record. (ECF No. 1 at 12). "While denial of access to legal files may in some cases constitute

5   'the type of external impediment for which we [grant] equitable tolling,'" Chaffer, 592 F.3d at

6   1049 (quoting Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009)), Petitioner

7   does not provide sufficient allegations to warrant equitable tolling. Petitioner provides no time

8   period for which he was deprived of the trial record and "does not point to specific instances

9   where he needed a particular document . . . and could not have procured that particular document

10  when needed." Waldron–Ramsey, 556 F.3d at 1013–14. Accordingly, Petitioner is not entitled to

11  equitable tolling on this ground.

12      4.   Mail Delay

13         Petitioner explains the untimeliness of the petition is due to "extreme delays in sending

14  and receiving mail because Petitioner has been moved between prisons and housing assignments,

15  and mail must be checked for contraband by prison staff and then forwarded to Petitioner's new

16  location." (ECF No. 10 at 2). However, prison mail system "delays inherent in the process of

17  prison communication . . . do not amount to an extraordinary circumstance." Shorb v. Nooth, 727

18  F. App'x 442, 443 (9th Cir. 2018). Accordingly, Petitioner is not entitled to equitable tolling on

19  this ground.

20      5.   Prior Federal Habeas Petition

21         In the opposition to the motion to dismiss, Petitioner argues that his case is akin to Butler

22  v. Long, 752 F.3d 1177 (9th Cir. 2014), and that he is entitled to equitable tolling. (ECF No. 10

23  at 2). In Butler, the Ninth Circuit held:

24         When a district court dismisses a mixed petition without first offering the
           petitioner the option to amend the mixed petition to remove the unexhausted
25         claims, 'the petitioner is entitled to equitable tolling of the AEDPA statute of
           limitations from the date the mixed petition was dismissed until the date a new
26         federal habeas petition is filed, assuming ordinary diligence.'

27  Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014) (quoting Jefferson v. Budge, 419 F.3d 1013,

28  1014 (9th Cir. 2005)).

6

1    In Petitioner's previous federal habeas corpus proceeding, Petitioner filed a mixed

2 petition that contained both exhausted and unexhausted claims. (LDs 12, 14). The Court granted

3 Petitioner leave to file an amended petition that set forth only his exhausted claims for relief.

4 (LD 15). As Petitioner failed to file an amended petition, the Court dismissed the action. Order,

5 Beasley v. Keeton, No. 1:18-cv-00869-AWI-EPG (E.D. Cal. Jan. 11, 2019), ECF No. 9.[6]

6 Petitioner's case is distinguishable from Butler because Petitioner was given the opportunity to

7 amend the mixed petition to remove the unexhausted claims. Accordingly, equitable tolling is

8 not warranted on this ground.

9    **D. Conclusion**

10    Based on the foregoing, as neither statutory nor equitable tolling applies, AEDPA's one-

11 year limitation period expired on April 11, 2018. Therefore, the instant petition for writ of habeas

12 corpus was not timely filed, and Respondent's motion to dismiss should be granted.

13    **E.  Certificate of Appealability**

14    Having found that Petitioner is not entitled to habeas relief, the Court now turns to

15 whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas

16 corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

17 is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).

18 The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C.

19 § 2253, which provides as follows:

20          (a) In a habeas corpus proceeding or a proceeding under section
            2255 before a district judge, the final order shall be subject to
21          review, on appeal, by the court of appeals for the circuit in which
            the proceeding is held.
22
            (b) There shall be no right of appeal from a final order in a
23          proceeding to test the validity of a warrant to remove to another
            district or place for commitment or trial a person charged with a
24          criminal offense against the United States, or to test the validity of
            such person's detention pending removal proceedings.
25
            (c) (1) Unless a circuit justice or judge issues a certificate of
26              appealability, an appeal may not be taken to the court of
                appeals from–
27

28 [6] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

7

1
2
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

3
> (B) the final order in a proceeding under section 2255.

4
5
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

6
7
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

8 | 28 U.S.C. § 2253.

9  If a court denies habeas relief on procedural grounds without reaching the underlying
10 constitutional claims, the court should issue a certificate of appealability "if jurists of reason
11 would find it debatable whether the petition states a valid claim of the denial of a constitutional
12 right and that jurists of reason would find it debatable whether the district court was correct in its
13 procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar
14 is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist
15 could not conclude either that the district court erred in dismissing the petition or that the
16 petitioner should be allowed to proceed further." Id.

17  In the present case, reasonable jurists would not find the Court's determination that
18 Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be
19 allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 7) is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED as untimely;

3. The Clerk of Court is DIRECTED to CLOSE the case; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    **January 4, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

9